The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL HAGLUND,<br><br>Plaintiff,<br><br>v.<br><br>KSHAMA SAWANT, individually and in her individual capacity as a member of the Seattle City Council, and the CITY OF SEATTLE, a Washington municipal corporation,<br><br>Defendants. | No. 2:17-cv-01614-MJP<br><br>ANSWER TO SECOND AMENDED COMPLAINT |

Defendants answer plaintiff's second amended complaint (Dkt. #23) as follows:

With respect to the introduction, defendants admit that Carl Haglund is a longtime Seattle resident and businessman. Insofar as the introduction sets forth any other factual averments that require a responsive pleading, those averments are denied. The First Amendment protects robust public debate about matters of public interest and concern. These matters include the condition of rental housing in Seattle and the rents charged for substandard housing. Plaintiff's complaint seeks to limit public debate, to preclude public officials from speaking openly about Mr. Haglund, and to

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

punish them for exposing and subjecting his practices to public criticism. Public policy and the First Amendment bar plaintiff's claims.

1.1 Defendants admit that Carl Haglund resides in Seattle, King County, Washington. Defendants admit that Mr. Haglund is a citizen who is not a public employee, but they deny that he is a private figure. Defendants allege that Mr. Haglund is a public figure for all purposes related to landlord-tenant relations and public policy regarding the habitability and affordability of Seattle rental housing.

1.2 Defendants admit that Kshama Sawant resides in Seattle, King County, Washington. Defendants also admit that Kshama Sawant is a citizen and an elected member of the Seattle City Council, and she is referred to hereafter as "CM Sawant." Because an elected city councilmember is a public official rather than a private citizen, defendants deny the remainder of paragraph 1.2.

1.3 Defendants admit paragraph 1.3.

1.4 Paragraph 1.4 does not set forth factual averments that require a responsive pleading.

1.5 Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 1.5, except they admit that Mr. Haglund is a prominent Seattle businessman.

1.6 Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 1.6, except they admit that Mr. Haglund was the owner of the Charles Street apartment building in the summer of 2015 and thereafter. Defendants allege that the Charles Street apartment building is located at 6511 Rainier Avenue South in Seattle.

1.7 Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 1.7.

1.8 Defendants admit that an inspection of the Charles Street apartment building on or about October 2, 2015, revealed 225 separate violations of City code requirements. The inspection

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

also revealed the absence of operable heating systems in Units 102, 203, and 305. This resulted in an emergency order dated October 2, 2015, requiring plaintiff to restore heat to those units no later than October 6, 2015. A true copy of the emergency order is attached as **Exhibit A** to this answer. Attached as **Exhibit B** to this answer is a true copy of the Notice of Violation dated October 7, 2015, which details 225 additional code violations in the Charles Street apartment building. Defendants deny plaintiff's characterization of these as "trumped-up violations." Defendants allege affirmatively that, rather than requesting review of the Notice of Violation by a Review Officer who had authority to determine whether it was properly issued, plaintiff undertook to correct the identified violations. After multiple failed inspections, the Charles Street apartment building finally passed inspection on February 23, 2016, nearly four months after the November 7, 2015, deadline set forth in the Notice of Violation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 1.8, as well as the allegations in the eighth, tenth, and eleventh sentences of paragraph 1.8. Defendants deny the remaining allegations in paragraph 1.8.

1.9 Defendants deny the first sentence of paragraph 1.9. Defendants also deny the premise of the first sentence—namely, that other landlords are "similarly situated" with respect to the issue raised by plaintiff's tenants and addressed in Ordinance 125054. In answer to the second sentence, defendants lack knowledge or information sufficient to form a belief as to the truth of what plaintiff believes. Defendants deny plaintiff's supposition about what the evidence will show. Plaintiff's tenants brought conditions in the Charles Street apartment building to the City's attention. Those conditions, coupled with plaintiff's rent-increase demands, led the City to enact remedial legislation.

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

1.10 Defendants admit that CM Sawant spoke publicly about the 225 housing code violations found at the Charles Street apartment building. Defendants also admit that CM Sawant referred to the Charles Street apartment building as "Slumlord Haglund's building." These statements were truthful, and CM Sawant was privileged to make them. Defendants deny plaintiff's characterization of CM Sawant's statements as having been made "gleefully." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.10.

1.11 Defendants admit that CM Sawant referred to Mr. Haglund as a "slumlord" and as a "notorious slumlord." Defendants admit that, on October 8, 2015, CM Sawant's campaign sent the email message that is attached as Exhibit A to the complaint. Defendants deny that CM Sawant acted without an adequate investigation. Defendants also deny that CM Sawant was required to conduct "an adequate investigation" before speaking publicly about plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.11.

1.12 Defendants admit that CM Nick Licata and CM Mike O'Brien joined CM Sawant in organizing and/or speaking at a rally to protest plaintiff's actions and inactions with respect to the Charles Street apartments and that this rally took place in front of plaintiff's office at 3818 South Edmunds Street in Seattle on October 7, 2015. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence in paragraph 1.12. Defendants admit that an advertisement for this rally, procured by CM Sawant's staff and paid for by City funds, stated that "Notorious slumlord Carl Haglund is attempting to economically evict 12 households." Defendants deny the remaining allegations in paragraph 1.12.

1.13 Defendants admit that CM Sawant referred to a proposed ordinance, eventually adopted as Ordinance 125054, as the "Carl Haglund Law" because this ordinance addressed an issue

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

revealed by Mr. Haglund's actions and inactions with respect to the Charles Street apartment building and the tenants living there. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.13.

1.14 Defendants admit that references to Mr. Haglund appeared on the City's official website. Defendants deny the remaining allegations in paragraph 1.14.

1.15 Defendants admit that plaintiff is not the only person in Seattle who own buildings with outstanding code violations but deny that other landlords are similarly situated to plaintiff with respect to the issue addressed in Ordinance 125054. Defendants admit that Hugh Sisley has been publicly described as a slumlord and as a notorious slumlord and that his properties have generated complaints. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 1.15.

1.16 Defendants deny paragraph 1.16. Defendants further deny the premises of the last sentence in paragraph 1.16—namely, that CM Sawant engaged in "bully tactics" and endangered a citizen's rights.

1.17 Defendants admit the first sentence of paragraph 1.17. Defendants also admit that they did not accept Mr. Haglund's claim. Defendants deny all other allegations in paragraph 1.17, including any implication that the statements in question were defamatory or required correction.

2.1 In answer to paragraph 2.1, defendants admit, deny, and allege as set forth above.

2.2 Defendants deny paragraph 2.2.

2.3 Defendants deny paragraph 2.3.

2.4 Defendants deny paragraph 2.4.

2.5 Defendants deny paragraph 2.5.

3.1 In answer to paragraph 3.1, defendants admit, deny, and allege as set forth above.

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

3.2 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.2.

3.3 Defendants admit they knew that plaintiff was renting apartments to many tenants in Seattle, including tenants living at the Charles Street apartment building. Defendants deny the remaining allegations in paragraph 3.3.

3.4 Defendants deny paragraph 3.4.

3.5 Defendants deny paragraph 3.5.

3.6 Defendants deny paragraph 3.6.

3.7 Defendants deny paragraph 3.7.

4.1 In answer to paragraph 4.1, defendants admit, deny, and allege as set forth above.

4.2 Defendants deny paragraph 4.2.

4.3 Defendants deny paragraph 4.3.

4.4 Defendants deny paragraph 4.4.

4.5 Defendants deny paragraph 4.5.

4.6 Defendants lack knowledge or information sufficient to form a belief as to the reason(s) for plaintiff's employment of counsel. Defendants deny the remaining allegations in paragraph 4.6.

5.1 In answer to paragraph 5.1, defendants admit, deny, and allege as set forth above.

5.2 Defendants deny paragraph 5.2.

5.3 Defendants deny paragraph 5.3.

5.4 Defendants deny paragraph 5.4.

6.1 In answer to paragraph 6.1, defendants admit, deny, and allege as set forth above.

6.2 Paragraph 6.2 does not set forth factual averments that require a responsive pleading.

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

6.3 Paragraph 6.3 does not set forth factual averments that require a responsive pleading. Defendants deny making false statements about plaintiff.

6.4 Defendants admit that, on August 22, 2017, *Jacobin* published a lengthy interview with CM Sawant that had been conducted earlier that month and that the three sentences quoted in the second sentence of paragraph 6.4 appear in that publication. Defendants deny that CM Sawant engaged in misconduct or that her statements were defamatory.

6.5 Defendants deny that CM Sawant made any false and defamatory statements about Mr. Haglund. Defendants admit that CM Sawant referred to plaintiff as a slumlord, a notorious slumlord, and an infamous slumlord and that her statements containing such references were widely reported. Defendants lack knowledge or information sufficient to form a belief as to what plaintiff means in referring to “the foregoing statements” and to “agents.” Defendants therefore deny paragraph 6.5 insofar as it refers to any statements other than CM Sawant’s calling plaintiff a slumlord, a notorious slumlord, or an infamous slumlord. Defendants admit that CM Sawant did not seek to excuse or minimize plaintiff’s actions and inactions with respect to the Charles Street apartment building. Defendants deny that CM Sawant had any obligation to do so and deny all other allegations in paragraph 6.5.

6.6 Insofar as paragraph 6.6 sets forth factual averments that require a responsive pleading, defendants deny those averments.

6.7 Insofar as paragraph 6.7 sets forth factual averments that require a responsive pleading, defendants deny those averments.

6.8 Defendants deny that they made false and defamatory statements about Mr. Haglund. Defendants lack knowledge or information sufficient to form a belief as to the truth of any other allegation in paragraph 6.8.

**PETER S. HOLMES**
Seattle City Attorney’s Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

6.9 Paragraph 6.9 does not set forth factual averments that require a responsive pleading.

6.10 Paragraph 6.10 does not set forth factual averments that require a responsive pleading.

6.11 The first sentence of paragraph 6.11 does not set forth factual averments that require a responsive pleading. In answer to the second sentence, defendants deny making defamatory statements, lack knowledge or information sufficient to form a belief as the truth of the seven assertions that are separated by semicolons, admit that they did not undertake to publicize these assertions, and deny that they had any obligation to do so. Defendants deny the remainder of paragraph 6.11.

6.12 Defendants deny paragraph 6.12.

6.13 Defendants deny paragraph 6.13.

6.14 Defendants deny paragraph 6.14.

6.15 Defendants deny paragraph 6.15

6.16 Paragraph 6.16 does not set forth factual averments that require a responsive pleading. Defendants deny making false statements about plaintiff.

7.1 In answer to paragraph 7.1, defendants admit, deny, and allege as set forth above.

7.2 Paragraph 7.2 does not set forth factual averments that require a responsive pleading.

7.3 Defendants deny paragraph 7.3.

7.4 Defendants deny paragraph 7.4.

8.1 In answer to paragraph 8.1, defendants admit, deny, and allege as set forth above.

8.2 Paragraph 8.2 does not set forth factual averments that require a responsive pleading.

8.3 Defendants deny paragraph 8.3.

8.4 Defendants deny paragraph 8.4.

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

9.1 Paragraph 9.1 does not set forth factual averments that require a responsive pleading.

9.2 In answer to paragraph 9.2, defendants admit, deny, and allege as set forth above.

9.3 Paragraph 9.3 does not set forth factual averments that require a responsive pleading.

9.4 Defendants deny paragraph 9.4.

9.5 Defendants deny paragraph 9.5.

9.6 Defendants deny paragraph 9.6.

9.7 Defendants deny paragraph 9.7.

9.8 Defendants deny paragraph 9.8.

9.9 Defendants lack knowledge or information sufficient to form a belief as to the reason(s) for plaintiff's employment of counsel. Defendants deny the remaining allegations in paragraph 9.9.

10.1 In answer to paragraph 10.1, defendants admit, deny, and allege as set forth above.

10.2 Paragraph 10.2 does not set forth factual averments that require a responsive pleading.

10.3 Defendants deny paragraph 10.3.

10.4 Defendants deny paragraph 10.4.

10.5 Defendants deny paragraph 10.5

10.6 Defendants deny paragraph 10.6.

10.7 Defendants lack knowledge or information sufficient to form a belief as to the reason(s) for plaintiff's employment of counsel. Defendants deny the remaining allegations in paragraph10.7.

Defendants deny each and every allegation in plaintiff's complaint that is not specifically addressed in the preceding paragraphs.

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

XI Paragraph XI does not set forth factual averments that require a responsive pleading.

XII Defendants deny that plaintiff is entitled to the relief sought in his prayer or to any other relief. Furthermore, the First Amendment and the doctrines of comity and separation of powers preclude granting the relief sought in paragraph 2 as well as the order requested in paragraph 3.

FURTHER, by way of affirmative defense but without assuming plaintiff's burden of proof on any issue, defendants allege as follows:

1. Constitutional and common-law protections for free speech that are enshrined in the law of defamation may not be circumvented by pleading additional or alternative causes of action for the same alleged conduct.

2. Plaintiff is barred by RCW 7.96.050 and by the doctrines of waiver and estoppel from recovering damages for injury to reputation or presumed damages with respect to any allegedly defamatory or otherwise actionable statement not disclosed to defendants on November 13, 2017, in response to defendants' written demand dated October 4, 2017.

3. Plaintiff is barred by RCW 7.96.050 and by the doctrines of waiver and estoppel from recovering damages for injury to reputation or presumed damages based on any evidence of falsity that was not disclosed to defendants on November 13, 2017, in response to defendants' written demand dated October 4, 2017.

4. Because of his failure to request review of the Notice of Violation dated October 7, 2015, plaintiff has waived any right to assert, and is estopped from asserting, that the Notice of Violation was not properly issued or that the violations enumerated therein did not occur.

5. Plaintiff is precluded by prior adjudications from contesting many of the issues that are relevant to the claims he asserts.

6. Plaintiff's claims to equitable relief are barred by the doctrine of unclean hands.

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

7. Plaintiff is a public figure who must establish actual malice (i.e., knowing falsehood or reckless disregard for the truth) on the part of the defendants by clear and convincing evidence. This he cannot do.

8. Plaintiff may not recover damages for emotional distress allegedly caused by a picture of a rodent bearing his name that no reasonable person would have interpreted as factual.

9. Plaintiff may not recover from defendants for tortious interference with any business expectancy involving the City.

10. If plaintiff can establish a prima facie case of tortious interference, which defendants deny, then such interference was privileged or justified.

11. Under RCW 63.60.070(1), a plaintiff may not bring a claim for use of his name without consent if the use is in connection with "matters of . . . political, religious, educational, newsworthy, or public interest, including, without limitation, comment, criticism, satire, and parody relating thereto." Defendants used plaintiff's name solely in connection with such exempt matters.

12. As RCW 63.60.070(2)(b) provides, chapter 63.60 RCW does not apply to the use of a person's name "with any political campaign when the use does not inaccurately claim or state an endorsement . . . ." CM Sawant's use of plaintiff's name in connection with her political campaign did not claim or state any endorsement by plaintiff.

13. All statements that defendants made about plaintiff were privileged as statements by public officials regarding matters related to their official duties. Plaintiff is required to show abuse of this privilege by clear and convincing evidence. Plaintiff cannot make such a showing.

14. All statements that defendants made about plaintiff were privileged as fair comment about matters in the public record. Plaintiff is required to show abuse of this privilege by clear and convincing evidence. Plaintiff cannot make such a showing.

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

15. All statements that defendants made about plaintiff were privileged as statements in the common interest of the speaker, the City, and the recipients. Plaintiff is required to show abuse of this privilege by clear and convincing evidence. Plaintiff cannot make such a showing.

16. Washington residents are immune from civil liability for providing information about potential wrongdoing to public officials. *See* RCW 4.24.500−4.24.510. Immunity from civil liability necessarily extends to communications about reported wrongdoing by the public officials who receive such reports.

17. Plaintiff assumed the risk of adverse comment by taking the actions that he did vis-à-vis tenants in the Charles Street apartment building and tenants in other housing units that plaintiff owns and operates.

18. If plaintiff suffered any damages, he failed to mitigate those damages.

19. The City had no custom or policy regarding the conduct that plaintiff challenges. The absence of such a custom or policy precludes plaintiff from asserting claims against the City under 42 U.S.C. §1983.

20. Plaintiff's claims against CM Sawant under 42 U.S.C. §1983 are barred by qualified immunity.

21. Plaintiff fails to state a claim upon which relief can be granted.

22. Plaintiff's claims are frivolous and advanced without reasonable cause, entitling defendants to relief under RCW 4.84.185 and federal law.

WHEREFORE, having fully answered plaintiff's complaint, defendants ask this Court to dismiss all of plaintiff's claims with prejudice and with costs. Defendants also seek an award of their reasonable attorneys' fees. Defendants ask the Court to grant them such further relief as it deems proper and just.

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

RESERVATION OF RIGHTS

Defendants reserve the right to amend their answer and to add affirmative defenses as additional facts are obtained through further investigation or through discovery.

DATED this 16th day of January 2018.

PETER S. HOLMES
Seattle City Attorney

By: */s/ Michael Ryan*
Michael Ryan, WSBA# 32091
Assistant City Attorney
E-mail: Michael.Ryan@seattle.gov

701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Phone: (206) 684-8200

K&L GATES LLP

By: */s/ Robert B. Mitchell*
Robert B Mitchell, WSBA #10874
E-mail: rob.mitchell@klgates.com

Raina V. Wagner, WSBA #45701
E-mail: raina.wagner@klgates.com

925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Phone: (206) 623-7580

Attorneys for Defendants

ANSWER TO SECOND AMENDED COMPLAINT- 13
No. 2:17-cv-01614-MJP

**PETER S. HOLMES**
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200